Court of Appeal No. 23-15445
_____

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**
_____

CALVARY CHAPEL SAN JOSE., *et al.*,

*Plaintiffs-Appellants*,

*vs.*

COUNTY OF SANTA CLARA, *et al.*,

*Defendants-Appellees*

_____

*Appeal from the Order of the United States District Court
for the Northern District of California,*

Case No. 5:20-cv-03794
The Honorable Beth Labson Freeman., District Judge
_____

**APPELLANTS' PETITION FOR REHEARING *EN BANC***
_____

ADVOCATES FOR FAITH & FREEDOM
Robert Tyler, CA Bar No. 179572
btyler@faith-freedom.com
Mariah Gondeiro, CA Bar No. 323683
mgondeiro@faith-freedom.com
Julianne Fleischer, CA Bar No. 337006
jfleischer@faith-freedom.com
25026 Las Brisas Road
Murrieta, California 92562
Tel: (951) 600-2733

*Counsel for Appellants Calvary Chapel
San Jose and Pastor Mike McClure*

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................2

TABLE OF AUTHORITIES............................................................................3

I. INTRODUCTION ........................................................................................5

II. BACKGROUND ..........................................................................................6

III. ARGUMENT .............................................................................................10

    A.    The Panel's Decision Fails To Adequately Address Appellants' Waiver Argument And Creates A Circuit Split. .................................10

    B.    The Panel's Decision Is Erroneous Because It Does Not Apply The "Ongoing" Element Under *Younger* When The Four Middlesex Elements Are Concurrently Satisfied. ...............................12

    C.    The Panel's Decision Is Erroneous Because The State Action Did Not Implicate An Important State Interest. ..................................13

    D.    The Panel Decision Erroneously Held That It Lacked Jurisdiction To Hear Appellants' First Amendment Retaliation Claim. ...........................................................................................................15

IV. CONCLUSION..........................................................................................16

CERTIFICATE OF COMPLIANCE...............................................................17

# TABLE OF AUTHORITIES

Page(s)

Cases

*AmerisourceBergen Corp. v. Roden*,
   495 F.3d 1143 (9th Cir. 2007) ................................................................... 13
*Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*,
   490 F.3d 718 (9th Cir. 2007) ..................................................................... 16
*Couch v. Telescope Inc.*,
   611 F.3d 629 (9th Cir. 2010) ....................................................................... 6
*Elrod v. Burns*,
   427 U.S. 347 (1976) .................................................................................. 14
*Gateway City Church v. Newsom*,
   141 S. Ct. 1460 (2021) ........................................................................ 13, 14
*Gilbertson v. Albright*,
   381 F.3d 965 (9th Cir. 2004) ..................................................................... 12
*Herrera v. City of Palmdale*,
   918 F.3d 1037 (9th Cir. 2019) ........................................................ 6, 13, 15
*Leonard v. Alabama State Bd. of Pharmacy*,
   591 F. Supp. 3d 1155 (M.D. Ala. 2022) .................................................... 14
*Litchfield v. Spielberg*,
   736 F.2d 1352 (9th Cir. 1984) ................................................................... 16
*Melendres v. Arpaio*,
   695 F.3d 990 (9th Cir. 2012) ..................................................................... 14
*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*,
   457 U.S. 423 (1982) .................................................................................. 14
*Nationwide Biweekly Admin., Inc. v. Owen*,
   873 F.3d 716 (9th Cir. 2017) ..................................................................... 12
*Roman Catholic Diocese of Brooklyn v. Cuomo*,
   141 S. Ct. 63 (2020) ............................................................................. 5, 14
*Romoland Sch. Dist. v. Inland Empire Energy Ctr.*,
   548 F.3d 738 (9th Cir. 2008) ....................................................................... 6
*South Bay Pentecostal Church, v. Newsom*,
   141 S. Ct. 716 (2021) ...................................................................... 5, 13, 14
*Spivey v. Barry*,
   665 F.2d 1222 (D.C. Cir. 1981) ................................................................ 11
*Sprint Communic'ns, Inc. v. Jacobs*,
   571 U.S. 69 (2013) ...................................................................................... 5

*United States v. Morros*,
    268 F.3d 685 (9th Cir. 2001) .................................................................. 12, 15
*Walnut Properties, Inc. v. City of Whittier*,
    861 F.2d 1102 (9th Cir. 1988) ................................................................ 10, 11
*Younger v. Harris*,
    401 U.S. 37 (1971) ........................................................................................5

Statutes

28 U.S.C. § 1291 ....................................................................................................6

# I. INTRODUCTION

Appellants appealed the lower court's dismissal of their constitutional claims under *Younger v. Harris*, 401 U.S. 37 (1971) because it was based upon fundamental errors of law and precludes Appellants from receiving redress in federal court, where courts have a "virtually unflagging" duty to address constitutional claims. *Sprint Communic'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013). Appellants filed their civil rights lawsuit in federal court months before Appellee Santa Clara County ("the County") brought its state enforcement action and over a year before the County sought to collect administrative fines from Appellants. The Supreme Court has vindicated Appellants' position numerous times. *See, e.g., Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63 (2020) ("Brooklyn Diocese"); *South Bay Pentecostal Church, v. Newsom*, 141 S. Ct. 716 (2021) ("South Bay").

Appellants seek to overturn the lower court's dismissal, so they can finally get their day in court. Appellants also appealed the lower court's dismissal of their First Amendment retaliation claim, so they can hold Appellee James Williams accountable for attempting to interfere with their bank loan and mortgage. The Court should rehear this case *en banc* because the panel decision: (1) incorrectly applies waiver and the Middlesex elements under *Younger*; and incorrectly concludes that this Court does not have jurisdiction to address Appellants' First Amendment retaliation claim on this instant appeal. Panel Decision, ECF No. 50-1.

*First*, waiver applies here because the County had numerous opportunities throughout this multi-year litigation to raise *Younger* in a motion to dismiss, and their inexcusable delay unduly prejudices Appellants. The County cannot satisfy the

Middlesex elements either. The state case was not ongoing when Appellants filed this action, and the County's attempt to collect COVID-19 fines from Appellants does not achieve a legitimate state interest.

*Second*, this Court has jurisdiction over the appeal regarding Appellants' First Amendment retaliation claim because the lower court issued a final order. "Under the final judgment rule embodied in 28 U.S.C. § 1291, the courts of appeal have jurisdiction over 'appeals from all final decisions of the district courts of the United States.'" *Couch v. Telescope Inc.,* 611 F.3d 629, 632 (9th Cir. 2010). "A district court order is . . . not appealable unless it disposes of all claims as to all parties or unless judgment is entered in compliance with Federal Rule of Civil Procedure 54(b)." *Romoland Sch. Dist. v. Inland Empire Energy Ctr.,* 548 F.3d 738, 747 (9th Cir. 2008). The lower court's dismissal of all claims under *Younger* constitutes a final judgment for appeal purposes. *See Herrera v. City of Palmdale*, 918 F.3d 1037 (9th Cir. 2019)

Accordingly, this Court should grant this petition for rehearing *en banc*.

## II. BACKGROUND

Appellants Calvary Chapel San Jose and Pastor Mike McClure brought this action on June 9, 2020, against Appellee Santa Clara County, challenging the County's and State of California's COVID-19 public health orders. 14 ER 3348-3489; 15 ER 3426-89.

Appellants have amended their lawsuit multiple times as the facts of the case developed, and the parties aggressively litigated the federal proceeding. Appellants

amended their complaint in November 2020 (14 ER 3165-3312), March 2021 (12 ER 2918-51), September 30, 2021 (11 ER 2617-2819), and then April 15, 2022 (10 ER 2181-2379).

In June 2021, the County filed a first amended complaint in the Santa Clara County Superior Court wherein it sought, for the first time, to collect administrative fines from Appellants for their violations of the COVID-19 orders. ER 2105-43. The County did not seek injunctive or declaratory relief as to the COVID-19 orders because the orders had been lifted.

On September 30, 2021, Appellants filed a third amended complaint in federal court to include a cause of action against County Counsel James Williams for First Amendment retaliation. 11 ER 2617-89. The County, at the direction of Mr. Williams, took extreme measures to collect the fines and to deter Appellants from pursuing further litigation. 11 ER 2632-33. In December 2020, Assistant County Counsel Tony Lopresti, as ratified by Mr. Williams, sent a letter to Calvary Chapel San Jose's lender, Cass Commercial Bank ("Cass Bank"), telling it that the Appellants had been held in contempt and fined over $1 million for violating COVID-19 orders. 10 ER 2360-69; 11 ER 2632. On January 4, 2021, Mr. Lopresti, as ratified by Mr. Williams, sent another, similar letter to Cass Bank. 10 ER 2371-79; 11 ER 2632. Mr. Williams was aware that their letters would put pressure on Cass Bank to drop the church and, in turn, force the church to pay the fines, comply with the COVID-19 orders, and drop its legal challenges to not have the church building foreclosed upon. 11 ER 2633.

Cass Bank interpreted the letters as a threat that the County intended to take the church property to satisfy the fines. 12 ER 2715. On January 21, 2021, Cass Bank sent a Notice of Default to Appellants for noncompliance with governmental regulations and nonpayment of fines. 11 ER 2633. Cass Bank only withdrew the default notice after it learned that Appellants were contesting the fines (information Mr. Williams had intentionally omitted from the County's letters). 12 ER 2715.

On November 12, 2021, the County filed a motion to dismiss Appellants' third amended complaint (11 ER 2576-96), and on March 18, 2022, the district court granted the County's motion to dismiss without leave to amend and denied in part the County's motion to dismiss (1 ER 2-29). The district court's order granted Appellants leave to amend certain constitutional claims but dismissed Appellants' First Amendment retaliation cause of action against Mr. Williams with prejudice. 1 ER 27-28.

On April 15, 2022, Appellants filed their fourth amended complaint, which challenged the constitutionality of numerous orders including the singing ban, capacity restrictions, shelter-in-place order, face covering guidance, and social distancing requirement. 10 ER 2185-95, 2198-2203. On May 4, 2022, the County filed a motion to stay proceedings pending the outcome of the later filed state proceeding before the Santa Clara County Superior Court. 10 ER 2173. On May 26, 2022, the district court denied the County's motion to stay, noting, in relevant part:

> [T]he constitutional issues are more prominently presented in this case than in the state court case, in which [Appellants] present their constitutional defense in a single affirmative defense. The Court has also adjudicated multiple motions in this case and so is familiar with the

> constitutional issues presented in this case. Thus, while there are no doubt parallels between this action and the state court action and overlapping issues, the Court finds that the outcome of the state court action will not "control the instant action."

10 ER 2179.

On June 9, 2022, the County filed a motion to strike and to dismiss the fourth amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). 10 ER 2145-72. Despite the County's numerous motions to dismiss and to stay proceedings filed throughout the course of this federal action, the County did not once raise any *Younger* abstention concerns. The parties continued to aggressively litigate the federal proceeding, and on September 16, 2022, Appellants filed a motion for summary judgment, arguing that the singing ban, capacity restrictions, face covering guidance, social distancing requirement, and shelter-in-place order were unconstitutional and the Appellants were entitled to nominal damages. 5 ER 997-1010. On October 6, 2022, the district court granted the County's motion to dismiss without leave to amend and denied in part the County's motion to dismiss. 3 ER 240-53.

It was not until just five days after the district court's order denying in part the County's most recent motion to dismiss, that the County filed yet another motion to dismiss and to stay Appellants' claims on October 11, 2022 on *Younger* grounds. 11 ER 2434-61; 10 ER 2145-72; 2 ER 226-36. The County had ample time to raise any *Younger* abstention concerns throughout this multi-year proceeding, but instead, the County waited until after the parties completed factual discovery and less than a

month after Appellants filed their motion for summary judgment to bring a belated motion to dismiss under *Younger*.

The district court heard oral argument on the County's abstention motion and both parties' motions for summary judgment on January 26, 2023. 2 ER 54-134. On March 10, 2023, the district court granted the County's motion to dismiss and dismissed without prejudice Appellants' claims to the extent they sought injunctive and declaratory relief and stayed proceedings pending resolution of the parallel state court proceeding to the extent the claims sought monetary relief. 1 ER 52.

### III. ARGUMENT

A.  **The Panel's Decision Fails To Adequately Address Appellants' Waiver Argument And Creates A Circuit Split.**

This Court erroneously concludes that waiver does not apply because the County brought its *Younger* claim before any final judgment. Panel Decision at 3. In reaching this conclusion, this Court distinguishes this case from *Walnut Properties, Inc. v. City of Whittier*, 861 F.2d 1102, 1106 (9th Cir. 1988) ("Walnut") because there, "*Younger* abstention was raised only after two prior appeals, one of which reached the Supreme Court." The decision creates a distinction without a difference and conflicts with other circuits. It does not matter whether the County waited to raise abstention on appeal or right before a final judgment. The key inquiry is whether the party had an opportunity to raise *Younger* and failed to do so.

For instance, in *Spivey v. Barry*, the D.C. Circuit found that the defendants waived abstention by failing to assert the doctrine until the commencement of trial.

665 F.2d 1222, 1229 (D.C. Cir. 1981). Similar to *Spivey*, the County had numerous opportunities to raise *Younger*. The parties had argued and briefed numerous motions to dismiss and exhausted factual discovery. 12 ER 2880-2916, 2876-79; 13 ER 2956-87; 14 ER 3317-47. The lower court heard oral arguments on the County's abstention motion on the same day Appellants sought summary judgment against the County. 2 ER 54-134. Indeed, even the lower court emphasized that it was "baffling" that the County did not raise *Younger* earlier. 2 ER 237.

Affirming the lower court's decision to abstain at this late stage would not serve the purpose of abstention, which is concerned with federalism and comity. *Walnut*, 861 F.2d at 1107. Abstention at this time "would result in such duplicitous litigation and waste of resources that it would greatly frustrate [this Court's] interests in judicial economy, with no apparent justification." *Id.*

Here, the federal court was intimately familiar with the constitutional claims, which is why it denied the County's earlier motion to stay. 10 ER 2179-80. Appellants' federal action also raises constitutional issues that are not raised in the state court case such as the constitutionality of the singing ban, capacity restrictions, and the shelter-in-place order. 10 ER 2184-95, 2198-2202. The only issue at play in the state action is the constitutionality of the face covering guidance. 16 ER 3535-67. It could be years before Appellants are able to litigate the constitutionality of all challenged public health orders in federal court. In the interest of fairness and judicial economy, this Court should remand this case back to the district court.

**B. The Panel's Decision Is Erroneous Because It Does Not Apply The "Ongoing" Element Under *Younger* When The Four Middlesex Elements Are Concurrently Satisfied.**

In one sentence, this Court erroneously held that the ongoing element was satisfied because "[t]he County initiated the state proceedings before the district court considered the merits of this action…." Panel Decision at 3-4 (citing *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 728 (9th Cir. 2017) ("*Nationwide*")). However, there are four elements that must be concurrently satisfied in order for a federal court to abstain under *Younger*. *See Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004).

Indeed, the case this Court relies upon, *Nationwide*, demonstrates that the "ongoing" element is not satisfied until the remaining three factors are satisfied, including whether the proceeding implicates an important state interest, whether the federal plaintiff is barred from litigating federal issues in the state proceeding, and whether the federal action would enjoin the state proceeding or have the practical effect of doing so. 873 F.3d at 728. The Ninth Circuit has also held that "the policy objective behind *Younger* abstention is to 'avoid unnecessary conflict between state and federal governments.'" *United States v. Morros*, 268 F.3d 685, 707 (9th Cir. 2001).

This Court erroneously focused its analysis of the "ongoing" element based upon the date in which the County filed suit in state court – October 2020. 1 ER 37-39. In October 2020, the County filed its state enforcement action and only sought to enjoin Appellants' church gatherings. 16 ER 3607-28. The County did not seek

12

to collect fines from Appellants until July 2021, when it amended its complaint. 16 ER 3568-3606. Thus, the appropriate period for this Court to consider is July 2021 because there was "a *Younger*-based reason to abstain." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007).

The federal action was no longer in its embryonic stage in July 2021. From June 2020 through July 2021, the parties conducted extensive discovery, briefed and argued a temporary restraining order, and briefed multiple motions to dismiss. 10 ER 2174; 12 ER 2880-2916, 2876-79; 13 ER 2956-87, 3155-63; 14 ER 3317-47. Additionally, from December 2020 through April 2021, the Supreme Court issued numerous decisions enjoining the State of California's and the County's COVID-19 orders, further vindicating Appellants' position. *See, e.g.*, *Gateway City Church v. Newsom*, 141 S. Ct. 1460 (2021); *South Bay*, 141 S. Ct. 716. The federal court was intimately familiar with Appellants' claims and had issued substantive rulings in the federal action. 10 ER 2179. This Court erred by concluding otherwise.

**C.  The Panel's Decision Is Erroneous Because The State Action Did Not Implicate An Important State Interest.**

The Court concluded that the state proceeding implicated an important state interest in public health and safety without explaining why or how. Panel Decision at 4. In doing so, the Court erroneously relied on *Herrera*, 918 F.3d at 1045. There, the Court held the state nuisance action implicated an important state interest because the nuisance posed an ongoing threat to the public and the state had an interest in protecting the public from dangerous conditions. *Id.* at 1045.

13

Here, the County was not seeking to enforce any policies that vindicated a vital state interest at the time it filed its amended complaint. There was no active, ongoing threat to the public. The COVID-19 orders were lifted in June 2021. ER 2132-33. The County did not seek summary judgment as to its public nuisance cause of action either and instead dismissed it. ER 3536-67; *See* Mot. for Judicial Notice, Exh. A.

The state court proceeding was not "necessary for the vindication of important state polices or for the functioning of the state judicial system" because the said state policies were unconstitutional. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) ("Middlesex Cnty"). Indeed, some of the COVID-19 health orders have already been deemed invalid. *See, e.g., Brooklyn Diocese*, 141 S. Ct. 63; *South Bay*, 141 S. Ct. 716; *Gateway City Church*, 141 S. Ct. 1460. This Court has emphasized that "[i]t is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).

The purpose of this *Younger* element is to ensure that a state can curb dangers to the public. *Leonard v. Alabama State Bd. of Pharmacy*, 591 F. Supp. 3d 1155, 1171 (M.D. Ala. 2022), aff'd, 61 F.4th 902 (11th Cir. 2023) ("One of the goals of such control is to protect the public . . . ."). The parallel state court proceeding was not in a posture to protect the public from any cognizable harm when the federal court abstained under *Younger*. The County only sought to collect fines associated with rescinded public health orders. 16 ER 3535-66.

Even if the County sought relief related to its public nuisance cause of action, it still does not satisfy this element. The County's public nuisance claim does not implicate *Younger* because it does not conflict with the federal action. *See Morros*, 268 F.3d at 707. The lower court should have instead focused its analysis on the County's collection of fines from Appellants because this claim arguably conflicted with the federal action and is the only cause of action the County sought relief from. Neither the lower court nor the County can explain how the collection of fines related to rescinded public health orders satisfies a legitimate state interest. Thus, this Court should grant this petition on this basis alone.

D. **The Panel Decision Erroneously Held That It Lacked Jurisdiction To Hear Appellants' First Amendment Retaliation Claim.**

The Court mistakenly held that the March 10, 2023 dismissal is not considered a final judgment for purposes of appellate review. Panel Decision at 4. The decision does not cite any case to support this proposition.

This case is identical to *Herrera*, where the lower court also dismissed the claims for prospective relief and stayed the damages claims. 918 F.3d at 1042. This Court concluded that it had jurisdiction because "the resolution *required* by our court when granting *Younger* abstention on damages claims – is effectively a final order for purposes of appellate review." *Id.* at 1043 (emphasis in original). Because the lower court dismissed all of Appellants' claims (1 ER 52), the appeal "draws in question all earlier, non-final orders and rulings which produced the judgment," including the appeal of the partial order dismissing the First Amendment retaliation

15

claim. *Litchfield v. Spielberg*, 736 F.2d 1352, 1355 (9th Cir. 1984). As such, this Court has jurisdiction over Appellants' appeal of the dismissal of their First Amendment retaliation claim.

Appellants ask this Court to address the First Amendment retaliation claim, so they do not have to wait years to resolve their claims. Addressing the claim in this instant appeal serves judicial economy and would avoid the "danger of denying justice by delay." *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007).

## IV. CONCLUSION

Accordingly, the Court should grant the petition for rehearing *en banc*.

Dated: April 30, 2024

                                            /s/ Robert Tyler
                                            Robert Tyler

# CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) and 9th Cir. Rule 27-1(d). This document is proportionally spaced and, not counting the items excluded from the length by Fed. R. App. P. 32(f), contains 3,040 words.

This document complies with the type-case requirement of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6). This document has been prepared using Microsoft Word in 14-point Times New Roman font.

/s/ Robert Tyler
Robert Tyler